IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-CR-99-WKW |
| | ) | [WO] |
| KENTON MAURICE HALL | ) | |

### ORDER

Before the court is Defendant's *pro se* Motion for Reconsideration (Doc. # 91) of the February 14, 2023 Order (Doc. # 90). The Government has filed a response in opposition. (Doc. # 93.) The motion will be denied.

If Defendant believes that the federal detainer is now moot because he has served his federal sentence (Doc. # 91 at 2) or that the existing federal detainer is inhibiting "custody opportunities" in state prison (Doc. # 81 at 1), he is challenging "the manner in which his sentence is being executed." *United States v. Hudson*, No. 97-50960, 1998 WL 611697, at *1 (11th Cir. 1998). The proper course of action is for Defendant to file a *habeas corpus* petition pursuant to 28 U.S.C. § 2241. *See id.*; *Johnson v. Wise*, No. CA 10-123-WS-C, 2010 WL 3306920, at *4 (S.D. Ala. July 13, 2010), *report and recommendation adopted*, No. CA 10-123-WS-C, 2010 WL 3306931 (S.D. Ala. Aug. 19, 2010) ("[W]here the petitioner is challenging the BOP's execution of his federal sentence, the *habeas* petition is properly brought

under 28 U.S.C. § 2241." (citation omitted)).[1]  Therefore, it is ORDERED that Defendant's motion (Doc. # 91) is DENIED.

DONE this 5th day of April, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[1] The requirements for filing a *habeas corpus* petition are in 28 U.S.C. § 2242.